UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>                            Plaintiff,<br>     v.<br><br>HTC AMERICA, INC.,<br><br>                            Defendant. | CASE NO. C18-1727JLR<br><br>ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE |

## I. INTRODUCTION

Before the court is Defendant HTC America, Inc.'s ("HTC") motion to consolidate five cases filed by Plaintiff Uniloc 2017 LLC ("Uniloc"). (Mot. (Dkt. # 22).) Uniloc opposes the motion (Resp. (Dkt. # 24)), and HTC filed a reply (Reply (Dkt. # 25)). The court has considered the motion, the parties' submissions concerning the

//

//

//

ORDER - 1

motion, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES HTC's motion to consolidate.

## II. BACKGROUND

On November 30, 2018, Uniloc filed five cases against HTC, each alleging infringement of a different patent: (1) No. C18-1727JLR, involving U.S. Patent No. 6,993,049 ("the '049 patent"); (2) No. C18-1728BJR, involving U.S. Patent No. 6,868,079 ("the '079 patent"); (3) No. C18-1730BJR, involving U.S. Patent No. 7,020,106 ("the '106 patent"); (4) No. C18-1731JLR, involving U.S. Patent No. 7,167,487 ("the '487 patent"); and (5) No. C18-1732RSM, involving U.S. Patent No. 6,836,654 ("the '654 patent").  HTC now moves to consolidate these cases pursuant to Federal Rule of Civil Procedure 42(a), claiming that the cases involve common questions of fact.  (*See generally* Mot.)  In particular, HTC argues that consolidation is appropriate because "the Cases involve the same parties and the same counsel for each party, they advance similar legal theories, and they all seek nearly identical relief for a similar set of accused products."  (*Id.* at 1.)  Uniloc argues that consolidation is improper and that the cases are not even related.  (*See generally* Resp.)  Uniloc, however, does not oppose sharing discovery across the five cases or having the five cases heard in front of the same judge.  (*Id.* at 9.)  The court now addresses the motion.

//

//

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

## III. ANALYSIS

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). If the actions have a common question of law or fact, the court "weigh[s] the interests of judicial economy against any delay or prejudice that might result." *Veljanoski v. Juno Therapeutics, Inc.*, No. C16-1069RSM, 2016 WL 9525238, at *1 (W.D. Wash. Oct. 7, 2016); *see also First Mercury Ins. Co. v. SQI, Inc.*, No. C13-2110JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014). The court's discretion under Rule 42(a) is broad. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Similarly, the Western District of Washington's Local Civil Rules provide that cases are related when they "concern substantially the same parties, property, transaction, or event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." Local Rules W.D. Wash. LCR 3(g)(2)(A)-(B).

The court concludes that consolidation is improper. Although the five cases feature an overlap of parties and accused products that utilize the patents (*see* Mot. at 1-3), consolidating the cases would not promote judicial economy. The cases involve different patents, with mostly different inventors (other than the '079 patent and the '106 patent, which have one overlapping inventor), different standards, and different technologies. (*See* Resp. at 3-5.) Further, because all the cases involve different patents, maintaining these cases as separate actions in front of separate judges does not risk "an unduly burdensome duplication of labor and expense or the potential for conflicting

results." *See* Local Rules W.D. Wash. LCR 3(g)(2). Therefore, the court concludes that these actions are not related under the Local Rules such that they should be heard before a single judge.

In making this determination, the court notes that three previous courts have declined to consolidate actions that involve the patents at issue in the five cases. *See Uniloc USA, Inc. v. LG Elec. U.S.A. Inc.*, Nos. 18-cv-06737-JST, 18-cv-06739-JST, 18-cv-06740-JST, 2019 WL 690290, at *2 (N.D. Cal. Feb. 19, 2019); *Uniloc USA, Inc. v. Logitech, Inc.*, No. 18-CV-01304-LHK, 2018 WL 6340747, at *2 (N.D. Cal. Dec. 5, 2018); (Resp. at 7-8 (citing No. 2:18-cv-00040 (JRG-RSP) (E.D. Tex.), Dkt. # 58).)

HTC argues that this case is indistinguishable from *Uniloc USA, Inc. v. HTC America, Inc.*, No. C17-1558JLR, 2018 WL 2059565, at *2 (W.D. Wash. May 3, 2018), in which the court consolidated a fourth case with three previously consolidated cases. (*See generally* Reply.) All four cases involved different patents. *Uniloc*, 2018 WL 2059565, at *1. In that case, however, the parties had "agreed that the first three cases were related" and the court had previously consolidated them. *Id.* On those facts, the court determined that the interests of judicial economy weighed in favor of consolidating the fourth case with the three previously consolidated cases. *See id.* at *2.

The calculus is different here. Unlike in *Uniloc USA, Inc. v. HTC America, Inc.*, 2018 WL 2059565, the parties in this case have not agreed that the actions are even related. Moreover, the present motion does not ask the court to consolidate one case with three previously consolidated cases that the parties agreed were related; rather, it asks the court to consolidate five cases for which consolidation and relation is opposed. The court

concludes that the present case is more akin to the cases in the Northern District of California and the Eastern District of Texas, which involved the same patents at issue and decided that consolidation was improper, than *Uniloc USA, Inc. v. HTC America, Inc.*, 2018 WL 2059565.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES HTC's motion to consolidate. (Dkt. # 22.)

Dated this 9th day of April, 2019.

JAMES L. ROBART
United States District Judge